IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

Naresh C. Arora; Sudha Arora,      )     C/A No. 5:14-18-JMC-PJG
                     )
             Plaintiffs,     )
                     )
v.                        )        **ORDER**
                     )
Captain James; Regional Medical Center of )
Orangeburg; Denmark Technical College, an )
agency of State of South Carolina, a )
governmental entity; Chief Wilbur Wallace; )
Donald Williams; Joann Boyd-Scotland; )
Ambrish Lavania, individually at their personal )
capacity and as agents and employees for )
Denmark Technical College; Does 1-100, )
                     )
             Defendants.    )
_____)

      Plaintiffs Naresh C. Arora and Sudha Arora, self-represented litigants, filed this action alleging a violation of the Family Medical Leave Act as well as other federal and state claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the following motions: (1) Plaintiffs' motion for an entry of default against Defendants Captain James and Regional Medical Center of Orangeburg ("Medical Center") (ECF No. 46); (2) Plaintiffs' motion to amend the Complaint (ECF No. 48); and (3) a motion to strike portions of the Complaint filed by Defendants James and the Medical Center (ECF No. 39).[1]

      All defendants filed a response in opposition to Plaintiffs' motion to amend (ECF Nos. 51, 55) and Plaintiffs filed replies (ECF Nos. 54, 60). Defendants James and the Medical Center filed a response in opposition to Plaintiffs' motion for entry of default (ECF No. 49), to which Plaintiffs

---

    [1]  The defendants filed a supplemental memorandum to the motion to strike. (ECF No. 44.)



filed a reply (ECF No. 53). Plaintiffs filed a response in opposition to the defendants' motion to strike (ECF No. 47) and the defendants filed a reply (ECF No. 50). Having carefully reviewed the parties' submissions, the court finds that the Plaintiffs' motion for entry of default should be denied. As discussed below, the court further finds that Plaintiffs' motion to amend should be granted in part and denied in part, and the motion to strike filed by Defendant James and the Medical Center should be granted.

**MOTION FOR ENTRY OF DEFAULT**:

The Plaintiffs' motion for entry of default alleges that Defendants James and the Medical Center failed to "plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure." (ECF No. 46 at 2.) In response to the Plaintiffs' motion, the defendants point out that they answered the Complaint on January 27, 2014, prior to service of process, and again on June 27, 2014, after waiving service. (ECF No. 49 at 1-2.) The defendants also attach a certificate of service showing that their Amended Answer was mailed to the Plaintiffs at their address of record on July 31, 2014. (ECF No. 49-3.)

Federal Rule of Civil Procedure 55(a) clearly states that the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court also notes that, as a general matter, the law disfavors default judgments. Tazco, Inc. v. Dir., Office of Workers Comp. Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990). As the defendants timely filed an Amended Answer to the Plaintiffs' Complaint after waiving service, Plaintiffs cannot show that the defendants have "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Therefore, entry of default is not appropriate.



**MOTION TO AMEND COMPLAINT**:

Plaintiffs seek permission to amend the Complaint to "eliminate any confusion" about their claims in relation to Defendant James and to correct mistakes in the Complaint brought to their attention in the motion to dismiss and motion to strike filed by Defendants James and the Medical Center. (ECF No. 48 at 2.) Because Plaintiffs are proceeding *pro se* and it cannot be determined at this stage of review that all of the proposed Amended Complaint's claims would be futile, the court finds that the motion to amend should be granted. However, to the extent the proposed Amended Complaint seeks to add a claim of medical malpractice against the Medical Center (ECF No. 48-1 at 1, 11), the motion to amend should be denied. South Carolina law requires a plaintiff to file an affidavit of an expert witness with the complaint when asserting a claim of professional negligence against a professional licensed or registered with the State of South Carolina. S.C. Code Ann. § 15-36-100(B); Martasin v. Hilton Head Health Sys. L.P., 613 S.E.2d 795, 799 (S.C. Ct. App. 2005); Jernigan v. King, 440 S.E.2d 379, 381 (S.C. Ct. App. 1993). As the Plaintiffs failed to file an expert affidavit with their proposed Amended Complaint, they should not be permitted to amend to add a medical malpractice claim to this case.

**MOTION TO STRIKE**:

Defendants James and the Medical Center filed a motion to strike Plaintiffs' request for punitive damages and attorney fees (ECF No. 39 at 1) because Plaintiffs are not represented by counsel in this case and because the South Carolina Tort Claims Act precludes punitive damages. See S.C. Code Ann. § 15-78-120(b). For the reasons discussed by the defendants, the court

concludes that the motion to strike should be granted as it relates to Plaintiffs' request for punitive damages and attorney fees.[2]

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion for an entry of default (ECF No. 46) is denied; and

**ORDERED** that Plaintiffs' motion to amend (ECF No. 48) is granted in part and denied in part; and

**ORDERED** that the motion to strike filed by Defendants James and the Medical Center (ECF No. 39) is granted.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 19, 2014
Columbia, South Carolina

---

[2]  To the extent Defendants James and the Medical Center reference James's alleged immunity from suit in the motion to strike, a separate Report and Recommendation has been entered addressing this claim as presented in the defendants' motion to dismiss.  (ECF No. 38.)