IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Naresh C. Arora; Sudha Arora, | ) | C/A No. 5:14-18-JMC-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Captain James; Regional Medical Center of Orangeburg; Denmark Technical College, an agency of State of South Carolina, a governmental entity; Chief Wilbur Wallace; Donald Williams; Joann Boyd-Scotland; Ambrish Lavania, individually at their personal capacity and as agents and employees for Denmark Technical College; Does 1-100, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Naresh C. Arora and Sudha Arora, self-represented litigants, filed this action alleging a violation fo the Family Medical Leave Act as well as other federal and state claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion to dismiss filed by Defendants Captain James and the Regional Medical Center of Orangeburg ("Medical Center").[1] (ECF No. 38.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendants' motion. (ECF No. 41.) Plaintiffs filed a response in opposition to the motion (ECF No. 47) and the defendants replied (ECF No. 50). Plaintiffs also filed a motion to amend the Complaint

---

[1] The defendants also filed a supplemental memorandum in support of their motion to dismiss. (ECF No. 43.)

Page 1 of 6



to "eliminate any confusion" about their claims in relation to Defendant James and to correct mistakes in the Complaint brought to their attention in motion to dismiss. (ECF No. 48 at 2.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion to dismiss should be denied in part and granted in part.

## BACKGROUND

Plaintiffs allege that, on January 4, 2012, Defendants Wallace and Williams entered a room at the Medical Center where Plaintiff Naresh Arora was hospitalized. (ECF No. 1 at 5.) Plaintiffs allege that Defendants Wallace and Williams presented an envelope containing a letter, signed by Defendant Boyd, notifying Plaintiff Naresh Arora of his job termination from Denmark Technical College. (Id. at 2, 6.) Plaintiffs further claim that Defendants Wallace and Williams searched Plaintiff Naresh Arora's belongings while a security guard, Defendant James, watched from outside the hospital room. (Id. at 5.) Defendant Lavania is named as an employee of Denmark Technical College who allegedly granted Plaintiff Naresh Arora's request for leave under the Family Medical Leave Act. (Id. at 4.)

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual



content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint)).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The defendants' motion to dismiss argues that Defendant James is immune from Plaintiffs' false imprisonment claim under the South Carolina Tort Claims Act because the Complaint fails to allege that this defendant acted outside the scope of his official duties. (ECF No. 38 at 1-2; ECF No. 43 at 1.) Thus, the defendants seek to substitute the Medical Center as the proper defendant for this claim. As indicated above, Plaintiffs have filed a motion to amend the Complaint to clarify their claims against Defendant James. (ECF No. 48.) In a separately docketed order, the court has granted Plaintiffs' motion to amend, in part. Therefore, the defendants' motion to dismiss Plaintiffs' false imprisonment claims against Defendant James should be denied as moot in light of the Amended Complaint.

The defendants further seek dismissal of Plaintiffs' claims for damages resulting from the defendants' alleged intentional infliction of emotional distress. The defendants argue that the South Carolina Tort Claims Act specifically excludes such a claim "as a tort actionable against the government entity and its employees and agents." (ECF No. 38 at 2.) The court agrees. See S.C. Code Ann. § 15-78-30(f). Therefore, the court concludes that the defendants are entitled to dismissal of Plaintiffs' claims alleging an intentional infliction of emotional distress.

*PJG*

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion (ECF No. 38) be denied in part and granted in part.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 19, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).