# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Naresh C. Arora and Sudha Arora, | ) | Civil Action No. 5:14-cv-00018-JMC |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Captain James; Regional Medical Center of | ) | |
| Orangeburg; Denmark Technical College, | ) | |
| an agency of State of South Carolina, a | ) | |
| governmental entity; Chief Wilbur Wallace; | ) | **ORDER AND OPINION** |
| Donald Williams; Joann Boyd-Scotland; | ) | |
| Ambrish Lavania, individually (at their | ) | |
| personal capacity) and as agents and | ) | |
| employees for Denmark Technical College; | ) | |
| Does 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiffs Naresh C. Arora and Sudha Arora (together "Plaintiffs") filed this action pro se against Defendants Captain James ("James"); Regional Medical Center of Orangeburg ("RMC"); Denmark Technical College ("DTC"), an agency of State of South Carolina, a governmental entity; Chief Wilbur Wallace ("Wallace"); Donald Williams ("Williams"); Joann Boyd-Scotland ("Boyd-Scotland"); Ambrish Lavania ("Lavania"), individually (at their personal capacity) and as agents and employees for Denmark Technical College; and Does 1-100 (collectively "Defendants") alleging claims for violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654; deprivation of civil rights pursuant to 42 U.S.C. §§ 1983, 1988; and false imprisonment. (ECF No. 1.)

This matter is before the court on the following motions: (1) James's Motion to Dismiss the Complaint's third cause of action for false imprisonment pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure and S.C. Code Ann. § 15-78-70[1] (2014) of the South Carolina Tort Claims Act[2] ("SCTCA"); and (2) James and RMC's  Motion to Dismiss the Complaint's allegations of emotional distress on the basis that emotional distress is not a recognized loss under S.C. Code § 15-78-30(f)[3] (2014) of the SCTCA.  (ECF No. 38.)   In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.  On September 19, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant James and RMC's Motion to Dismiss emotional distress allegations and deny James's Motion to Dismiss Plaintiffs' false imprisonment claim.  (ECF No. 63.)  Plaintiff filed objections to the Magistrate Judge's recommendation requesting relief unrelated to the issues addressed in the Report and Recommendation.  (ECF No. 73.)  For the reasons set forth below, the court **GRANTS** James and RMC's Motion to Dismiss and **DENIES** James's Motion to Dismiss.

## I.    RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiffs are discussed in the Report and Recommendation.  (See ECF No. 63.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference.  The court will only reference herein facts pertinent to the analysis of Plaintiffs'

---

[1] "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor . . . [unless] the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."  S.C. Code Ann. § 15-78-70(a) & (b) (2014).

[2] S.C. Code Ann. §§ 15-78-10 to -220 (2014).

[3] "'Loss' means bodily injury, disease, death, or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, and any other element of actual damages recoverable in actions for negligence, but does not include the intentional infliction of emotional harm."  S.C. Code § 15-78-30(f) (2014).

claims.

Plaintiffs allege that DTC employed Naresh Arora as an instructor in the Electronics Technology Program from January 4, 2010 until January 4, 2012.  (ECF No. 1 at ¶¶ 3, 4.)  After Naresh Arora was admitted to RMC on December 31, 2011, as a result of complications from a prior surgical procedure, Defendant Lavania in her role as Dean of DTC's Department of Industrial and Applied Technology allegedly granted Naresh Arora's request for FMLA leave. (Id. at 3 ¶ 6, 4 ¶¶ 22–25.)  On January 4, 2012, Defendants Wallace and Williams of DTC's Police Department allegedly entered Naresh Arora's room at the RMC "without permission . . . [or] any warrant or court order."  (Id. at 5 ¶ 27.)  Wallace and Williams presented Naresh Arora with an envelope containing a letter, which document was signed by Defendant Boyd-Scotland and notified Naresh Arora that his job at DTC was terminated.  (Id.)  Wallace and Williams also allegedly searched Naresh Arora's belongings, demanded he return his office keys and all college related books, and refused to allow him to use the restroom.  (Id. at ¶¶ 28–30.)  Plaintiffs further allege that James, a security guard at RMC, watched Wallace and Williams's conduct "while standing outside the [hospital] room and [he] did not take any action of ordering Defendants Wall[ace] and Will[iams] to leave."  (Id. at ¶ 31.)

Based on the foregoing events, Plaintiffs filed a pro-se Complaint on January 2, 2014, alleging violation of the FMLA (Count 1[4]), deprivation of their civil rights (Count 2[5]), and false imprisonment (Count 3[6]).  (ECF No. 1 at 6–13.)  On June 27, 2014, James and RMC filed their Motions to Dismiss.  (ECF No. 38.)  Plaintiffs filed opposition to the Motions to Dismiss on July 30, 2014, to which James and RMC filed a reply memorandum in support of their Motions to

---

[4] Count 1 was brought against Defendants Boyd-Scotland, Lavania, and DTC.  (ECF No. 1 at 6.)
[5] Count 2 was brought against Defendants James, RMC, Wallace, Williams, Boyd-Scotland, Lavania, and Does 1-100.  (Id. at 8.)
[6] Count 3 was brought against Defendants James, Wallace, and Williams.  (Id. at 12.)

Dismiss on August 1, 2014.  (ECF Nos. 47, 50.)

In order to correct mistakes in the Complaint brought to their attention in the instant Motions to Dismiss, Plaintiffs filed a Motion to Amend the Complaint on July 30, 2014, to "eliminate any confusion" about their claims in relation to James.  (ECF No. 48.)  Thereafter, the Magistrate Judge granted in part Plaintiffs' Motion to Amend the Complaint on September 19, 2014.  (ECF No. 62.)

## II.     LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

B.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."  Pinkley, Inc. v. City of Fredrick, Md., 191 F.3d

394, 399 (4th Cir. 1999).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (citation omitted).  "[W]here a party challenges the subject matter jurisdiction of the court on the grounds that the party is an arm of the state entitled to sovereign immunity, the burden of persuasion lies with the party asserting the immunity."  Hutto v. S.C. Ret. Sys., 899 F. Supp. 2d 457, 466 (D.S.C. 2012) (citing Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 237 (2d Cir. 2006)).

C.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the

complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th

Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id.

D.      Liberal Construction of Pro Se Complaint

        Plaintiffs brought this action pro se, which requires the court to liberally construe their

pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

(1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d

1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those

drafted by attorneys.  Haines, 404 U.S. at 520.  Nevertheless, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc.

Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.    ANALYSIS

A.      The Report and Recommendation

        In the Report and Recommendation, the Magistrate Judge noted that because she had

granted Plaintiffs' Motion to Amend the Complaint to clarify their claims against James, her

recommendation would be to deny James's Motion to Dismiss Plaintiff's false imprisonment

claim in light of the Amended Complaint.  (ECF No. 63 at 4 (referencing ECF No. 62).)

However, the Magistrate Judge agreed with James and RMC that the SCTCA specifically

excludes claims for intentional infliction of emotional distress against a "government entity and

6

its employees and agents."  (Id. (quoting ECF No. 38 at 2).)  Therefore, the Magistrate Judge recommended dismissal of Plaintiffs' allegations of emotional distress against James and RMC. (Id.)

B.    Plaintiffs' Objections

Plaintiffs did not file specific objections to the aforementioned Report and Recommendation.  Plaintiffs instead made arguments as to why they believed the Magistrate Judge erred when she failed to grant Plaintiffs' Motion for Entry of Default (ECF No. 46) and how such ruling was erroneous because the Magistrate Judge did not have personal jurisdiction over the Defendants at the time of the ruling.  (ECF No. 73 at 6 (referencing ECF No. 62).) Plaintiffs further complained about the Magistrate Judge's failure to allow them to amend their complaint to assert a medical malpractice action against RMC.  (Id. at 8.)  As a result of the Magistrate Judge's errors, Plaintiffs requested that the court "reinstate all the claims stated in the First Amended Complaint . . . instruct the clerk of court to enter the Default . . . [and] strike all the filings entered by . . . Defendants . . . ."  (Id. at 10.)

C.    The Court's Review

Although the court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed, the court need not conduct a de novo review when a party fails to identify specific errors in the Magistrate Judge's findings. Orpiano, 687 F.2d at 47.  Here, the court does not find that Plaintiffs' generalized arguments regarding alleged errors committed by the Magistrate Judge are sufficient to raise any questions about the Magistrate Judge's recommendation as to the pending Motions to Dismiss. Accordingly, the court does not find any error in the Magistrate Judge's determination that James's Motion to Dismiss should be denied and James and RMC's Motion to Dismiss should be granted.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** James's Motion to Dismiss the cause of action against him for false imprisonment, but **GRANTS** James and RMC's Motion to Dismiss the allegations against them seeking damages for intentional infliction of emotional distress.     (ECF No. 38.)     The court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 6, 2015
Columbia, South Carolina