IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Naresh C. Arora; Sudha Arora, | ) | C/A No. 5:14-18-JMC-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Captain James; Regional Medical Center of Orangeburg; Denmark Technical College, an agency of State of South Carolina, a governmental entity; Chief Wilbur Wallace; Donald Williams; Joann Boyd-Scotland; Ambrish Lavania, individually at their personal capacity and as agents and employees for Denmark Technical College; Does 1-100, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Naresh C. Arora ("Mr. Arora") and Sudha Arora, self-represented litigants, filed this action alleging a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq., as well as other federal and state claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion to dismiss filed by Defendants Denmark Technical College, Chief Wilbur Wallace, Donald Williams, Joann Boyd-Scotland, and Ambrish Lavania (collectively, "the Denmark Technical College Defendants"). (ECF No. 79.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiffs of the summary judgment and dismissal procedures and the possible consequences if they failed to respond adequately to the defendants' motion. (ECF No. 81.) Mr. Arora filed a response in opposition to the motion (ECF No. 87) and the defendants replied (ECF

No. 89). Also before the court is Mr. Arora's motion to stay (ECF No. 75), to which all represented defendants responded (ECF Nos. 78 & 80) and Mr. Arora replied (ECF Nos. 84 & 85).

The court initially construed the Complaint as purporting to assert several violations of Plaintiffs' rights, including but not limited to claims of discrimination under Title VII against Defendants Lavania, Boyd-Scotland, and Denmark Technical College. (ECF No. 33.) Subsequently, Mr. Arora filed a motion to stay attesting that he has not received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") in connection with his complaint of unlawful discrimination and, therefore, any claim under Title VII is premature. (ECF No. 75.) The Denmark Technical College Defendants filed a motion to dismiss any *Title VII* claim[1] against them, correctly arguing that "[b]efore filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). Exhaustion of administrative remedies is a statutory prerequisite to properly invoke the jurisdiction of the federal court. See, e.g., Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995) (stating that "that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite"); see also 42 U.S.C. § 2000e-5(f). Further, Mr. Arora cannot pursue any claim pursuant to Title VII against the individual defendants, as such claims are precluded by the decision of the United States Court of Appeals for the Fourth Circuit in Lissau v. Southern Food Service, Inc., 159

---

[1] To the extent that Mr. Arora's response in opposition construes this motion as seeking to dismiss the entire case, the court notes that the motion only address any Title VII claim.

Page 2 of 5



F.3d 177 (4th Cir. 1998), which held that Title VII does not provide for individual liability. Id. at 180. Additional filings by Mr. Arora state that a Title VII claim "has not yet been asserted in the complaint." (See, e.g., ECF No. 84 at 3; see also ECF No. 84 at 5.)

## RECOMMENDATION

Based on the foregoing, the court finds that all parties appear to agree that a Title VII claim has not been raised at this time in this case. Therefore, the court recommends terminating the Denmark Technical College Defendants' motion to dismiss (ECF No. 79) as moot.[2]

## ORDER

With regard to the motion to stay this case until Mr. Arora receives a right-to-sue letter,[3] the court observes that this matter contains numerous claims that are ready for adjudication. The court declines to stay the case to await the possibility of Mr. Arora's seeking to amend the Complaint to add a Title VII claim and notes that this case was originally filed over a year ago. Therefore, considering all of the above, it is hereby

**ORDERED** that Mr. Arora's motion to stay (ECF No. 75) is denied. The court observes that Plaintiffs' responses to the outstanding motions for summary judgment (ECF Nos. 95 & 103) are currently due on March 30, 2015 and April 2, 2015. Mr. Arora appears to argue that he cannot

---

[2] In light of this recommendation, the court need not address any of Mr. Arora's arguments alleging that this motion was not served on him and seeking to strike the motion and for other relief. However, the court notes for the record that the Denmark Technical College Defendants filed identical documents for both ECF No. 78 and ECF No. 79 but named them differently on the court's electronic filing docket only. Mr. Arora does not appear to dispute that he received ECF No. 78, which is listed in the electronic filing docket as "RESPONSE in Opposition re 75 MOTION to Stay re 68 Scheduling Order" but is in fact also the pleading filed as the motion to dismiss (ECF No. 79).

[3] Mr. Arora also argues that the case should be stayed until the district judge ruled on a then-pending Report and Recommendation (ECF No. 63). However, that recommendation has since been accepted by the district court. (ECF No. 112).



respond to these motions, in part because of his pending motion to stay. That motion is now resolved; however, the court will extend Plaintiffs' response deadline to both of these motions to **April 17, 2015**.

    **IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 24, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).