# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Naresh C. Arora and Sudha Arora,  )<br>  )<br>                Plaintiffs,  )<br>v.  )<br>  )<br>Captain James; Regional Medical Center of  )<br>Orangeburg; Denmark Technical College,  )<br>an agency of State of South Carolina, a  )<br>governmental entity; Chief Wilbur Wallace;  )<br>Donald Williams; Joann Boyd-Scotland;  )<br>Ambrish Lavania, individually (at their  )<br>personal capacity) and as agents and  )<br>employees for Denmark Technical College;  )<br>Does 1-100,  )<br>  )<br>                Defendants.  )<br>_____ ) | Civil Action No. 5:14-cv-00018-JMC<br><br><br><br><br>**ORDER AND OPINION** |

Plaintiffs Naresh C. Arora and Sudha Arora (together "Plaintiffs") filed this action pro se against Defendants Captain James ("James"); Regional Medical Center of Orangeburg ("RMC"); Denmark Technical College ("DTC"), an agency of State of South Carolina, a governmental entity; Chief Wilbur Wallace ("Wallace"); Donald Williams ("Williams"); Joann Boyd-Scotland ("Boyd-Scotland"); Ambrish Lavania ("Lavania"), individually (at their personal capacity) and as agents and employees for Denmark Technical College; and Does 1-100 alleging claims for violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654; deprivation of civil rights pursuant to 42 U.S.C. §§ 1983, 1988; and false imprisonment. (ECF No. 1.)

This matter is before the court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendants Boyd-Scotland, DTC, Lavania, Wallace, and Williams (collectively "Defendants"). (ECF No. 79.) In accordance with 28 U.S.C. § 636(b) and Local

Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On March 24, 2015, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court deny as moot Defendants' Motion to Dismiss. (ECF No. 117.) Plaintiff filed objections to the Magistrate Judge's recommendation requesting sanctions against Defendants for filing an obviously frivolous motion. (ECF No. 121.) For the reasons set forth below, the court **DENIES AS MOOT** Defendants' Motion to Dismiss.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts referenced herein are viewed in the light most favorable to Plaintiffs. Plaintiffs allege that DTC employed Naresh Arora as an instructor in the Electronics Technology Program from January 4, 2010 until January 4, 2012. (ECF No. 1 at ¶¶ 3, 4.) After Naresh Arora was admitted to RMC on December 31, 2011, as a result of complications from a prior surgical procedure, Defendant Lavania in her role as Dean of DTC's Department of Industrial and Applied Technology allegedly granted Naresh Arora's request for FMLA leave. (Id. at 3 ¶ 6, 4 ¶¶ 22–25.) On January 4, 2012, Defendants Wallace and Williams of DTC's Police Department allegedly entered Naresh Arora's room at the RMC "without permission . . . [or] any warrant or court order." (Id. at 5 ¶ 27.) Wallace and Williams presented Naresh Arora with an envelope containing a letter, which document was signed by Defendant Boyd-Scotland and notified Naresh Arora that his job at DTC was terminated. (Id.) Wallace and Williams also allegedly searched Naresh Arora's belongings, demanded he return his office keys and all college related books, and refused to allow him to use the restroom. (Id. at ¶¶ 28–30.) Plaintiffs further allege that James, a security guard at RMC, watched Wallace and Williams's conduct "while standing outside the [hospital] room and [he] did not take any action of ordering Defendants Wall[ace]

2

and Will[iams] to leave." (Id. at ¶ 31.)

Based on the foregoing events, Plaintiffs filed a pro se Complaint on January 2, 2014, alleging violation of the FMLA (Count 1[1]), deprivation of their civil rights (Count 2[2]), and false imprisonment (Count 3[3]). (ECF No. 1 at 6–13.) On January 27, 2014, the court entered an Order instructing Plaintiffs to bring the case into proper form by February 20, 2014. (ECF No. 11.) On March 6, 2014, the court entered an Order acknowledging that the case was now in proper form and construing the pro se Complaint as containing the following causes of action:

> (1) as to Defendants Lavania, Boyd-Scotland, and Denmark Technical College, claims of discrimination and retaliation under the Family Medical Leave Act; discrimination under Title VII; and violation of due process under the Fourteenth Amendment; [and]
>
> (2) as to Defendants Wallace, Williams, James, and Regional Medical Center, Fourth Amendment claims of the right to be free from unreasonable search and false imprisonment; and a state law claim of intentional infliction of emotional distress.

(ECF No. 33 at 2.) Subsequently, on October 22, 2014, Plaintiffs moved the court for a stay attesting that they had "not received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") in connection with . . . [their] complaint of unlawful discrimination and, therefore, any claim under Title VII is premature." (ECF No. 75.)

On November 10, 2014, Defendants filed a Motion to Dismiss "any and all causes of action . . . for which the pro se Plaintiff should have exhausted an administrative remedy prior to suit, including but not limited to causes of action for violations of" Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17. (ECF No. 79 at 4.) Plaintiffs filed opposition to the Motion to Dismiss on December 18, 2014, asserting that the court should not

---

[1] Count 1 was brought against Defendants Boyd-Scotland, Lavania, and DTC. (ECF No. 1 at 6.)
[2] Count 2 was brought against Defendants James, RMC, Wallace, Williams, Boyd-Scotland, Lavania, and Does 1-100. (Id. at 8.)
[3] Count 3 was brought against Defendants James, Wallace, and Williams. (Id. at 12.)

3

rule on the Motion because they were not asserting a Title VII claim in the Complaint. (ECF No. 87 at 6.) In their Reply to Plaintiffs' Response to Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on December 31, 2014, Defendants clarified that they were seeking dismissal for failure to exhaust administrative remedies of "[a]ny cause of action . . . that is currently under investigation by the EEOC and for which no right to sue letter has been issued . . . ." (ECF No. 89 at 7.)

## II.     LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." Pinkley, Inc. v. City of Fredrick, Md., 191 F.3d

394, 399 (4th Cir. 1999).  In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (citation omitted).  "[W]here a party challenges the subject matter jurisdiction of the court on the grounds that the party is an arm of the state entitled to sovereign immunity, the burden of persuasion lies with the party asserting the immunity."  Hutto v. S.C. Ret. Sys., 899 F. Supp. 2d 457, 466 (D.S.C. 2012) (citing Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 237 (2d Cir. 2006)).

### III.     ANALYSIS

A.     The Report and Recommendation

In the Report and Recommendation, the Magistrate Judge noted that "all parties appear to agree that a Title VII claim has not been raised at this time in this case."  (ECF No. 117 at 3.) Therefore, the Magistrate Judge recommended that Defendants' Motion to Dismiss be denied as moot.  (Id.)  In addition, the Magistrate Judge declined to stay the case "to await the possibility of Mr. Arora's seeking to amend the Complaint to add a Title VII claim" because there were a number of claims "ready for adjudication."  (Id.)

B.     Plaintiffs' Objections

In their objections to the aforementioned Report and Recommendation, Plaintiffs argue that the Motion to Dismiss is not only moot, but is frivolous and should result in sanctions against Defendants. (ECF No. 121 at 4–5.)  Plaintiffs further argue that their constitutional rights have been violated because the Report and Recommendation was not issued "promptly" after the

filing of the Motion to Dismiss as required by Fed. R. Civ. P. 72(b).[4]  (Id. at 5.)  More specifically, Plaintiff asserts that the Magistrate Judge issued the Report and Recommendation on March 24, 2015, approximately 4 ½ months after Defendants filed their Motion to Dismiss. (Id. at 5–8 (referencing ECF Nos. 79, 117).)  As a result of the alleged lack of promptness by the Magistrate Judge, Plaintiffs assert that they have been denied due process in that they are unable to respond to Defendants' dispositive motions (ECF Nos. 95, 103) because they could not conduct discovery while Defendants' Motion to Dismiss was pending and the discovery deadline expired on January 21, 2015.  (ECF No. 121 at 5–8; see also ECF No. 68.)  Accordingly, Plaintiffs beg the court for sanctions from Defendants and a stay of the matter to allow discovery to be completed.  (ECF No. 121 at 9.)

C.    The Court's Review

Although the court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed, the court need not conduct a de novo review when a party fails to identify specific errors in the Magistrate Judge's findings. Orpiano, 687 F.2d at 47.  Here, the court does not find that Plaintiffs' arguments regarding alleged errors committed by the Magistrate Judge are sufficient to raise any questions about the Magistrate Judge's recommendation as to the pending Motion to Dismiss.[5]  Accordingly, the court does not find any error in the Magistrate Judge's determination that Defendants' Motion to Dismiss should be denied as moot.[6]

---

[4] "A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement." Fed. R. Civ. P. 72(b).

[5] The court is also not persuaded that an award of sanctions against Defendants is appropriate based on the filing of the Motion to Dismiss.

[6] Similarly, the court does not find error in the Magistrate Judge's decision to deny Plaintiffs' request for a stay.

As to their suggestion that the Magistrate Judge's lack of promptness affected their ability to conduct discovery, Plaintiffs have not provided any support for the position that they are immune from the failure to conduct discovery while Defendants' Motion to Dismiss was pending before the court. If Plaintiffs believe that they have valid reasons for not conducting discovery while the Motion to Dismiss was pending, there is nothing prohibiting them from asserting those reasons in an appropriately filed motion to extend the scheduling order. Otherwise, the court does not find merit in Plaintiffs' allegations regarding the Magistrate Judge's alleged violation of Fed. R. Civ. P. 72(b).

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES AS MOOT** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 79.) The court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 16, 2015
Columbia, South Carolina

7