IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Naresh C. Arora; Sudha Arora, | ) | C/A No. 5:14-18-JMC-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Captain James; Regional Medical Center of Orangeburg; Denmark Technical College, *an agency of State of South Carolina, a governmental entity*; Chief Wilbur Wallace; Donald Williams; Joann Boyd-Scotland; Ambrish Lavania, *individually (at their personal capacity) and as agents and employees for Denmark Technical College*; Does 1-100, *et al.*, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Naresh C. Arora ("Mr. Arora") and Sudha Arora ("Mrs. Arora"), self-represented litigants, filed this action alleging a violation of the Family Medical Leave Act as well as other federal and state claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motions for summary judgment. (ECF Nos. 95 & 103.) The Aroras filed a response in opposition (ECF Nos. 124 & 126) and the defendants filed replies (ECF Nos. 131 & 132). Also before the court is the Aroras' motion to amend (ECF No. 137), to which the defendants have filed responses in opposition (ECF Nos. 138, 139), and the Aroras replied (ECF Nos. 140 & 141). The Aroras have also filed motions for discovery (ECF Nos. 125 & 127) and the defendants have filed responses in opposition (ECF Nos. 133 & 134). Having carefully considered the parties' submissions and the applicable law, the court concludes that the case should be dismissed without prejudice for lack of service as to

Defendants Denmark Technical College, Chief Wilbur Wallace, Donald Williams, Joann Boyd-Scotland, and Ambrish Lavania. The court further concludes that the motion for summary judgment as to Defendants Captain James and Regional Medical Center of Orangeburg should be granted and that the Aroras' pending motions should be denied, or terminated as moot in light of the court's recommendations.

## BACKGROUND

The Aroras' claims arise from an incident on January 4, 2012, when Mr. Arora, then an employee of Denmark Technical College, was being treated at the Regional Medical Center of Orangeburg ("Medical Center"). Defendants Wallace and Williams, police officers for Denmark Technical College, entered Mr. Arora's hospital room, where Mrs. Arora was also present. Defendants Wallace and Williams delivered a letter to Mr. Arora terminating his employment at Denmark Technical College. Although disputed by the defendants, the Aroras allege that Defendants Wallace and Williams searched Mr. Arora's hospital room and blocked the entrance to the restroom. Defendant James, a security officer for the Medical Center was summoned to Mr. Arora's room and Defendants Wallace and Williams left shortly thereafter. Defendant Boyd-Scotland is identified as the interim President of Denmark Technical College at the time of the incident and Defendant Lavania is identified as Mr. Arora's former supervisor.

## DISCUSSION

**A.    Applicable Standards**

A defendant may challenge the sufficiency of service of process and seek dismissal of the case under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Failure to properly serve the



summons and complaint deprives the court of personal jurisdiction over a defendant. See Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); see also Fed. R. Civ. P. 12(b)(2).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see,



e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Insufficient Service of Process**

Defendants Denmark Technical College, Wallace, Williams, Boyd-Scotland, and Lavania first move for dismissal of the Aroras' Amended Complaint pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.[1]  These defendants maintain that they have not waived service and have not been properly served with process in this case.

Rule 4 of the Federal Rules of Civil Procedure requires that a summons must be served with a copy of the complaint. See Fed. R. Civ. P. 4(c)(1).  Although a civil action is commenced by filing a complaint with the court, the Rules require that service on the defendants be effected within 120 days after the complaint is filed.[2]  See Fed. R. Civ. P. 3, 4(m).  However, if a defendant is not served within the requisite time period, the court may order that service be made within a specified time rather than dismiss the case. See Fed. R. Civ. P. 4(m).  Moreover, if the plaintiff shows good cause

---

[1] Service for Defendants Captain James and the Medical Center is not at issue.

[2] The 120-day period for service of process under Rule 4(m) runs from the date on which the summonses are issued and is tolled during the period of initial review. See Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010).



for the failure to serve, the court must extend the time for service for an appropriate period.[3]  Id. "The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4."  Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003).

To show good cause for a failure to serve defendants within the specified time period, a plaintiff "must demonstrate that [he or] she made reasonable diligent efforts to effect service."  Hunt v. Branch Banking and Trust, Co., C/A No. 4:11-870-MGL, 2013 WL 988862, at *4 (D.S.C. Mar. 13, 2013); see also Harvey v. Capital Children's Dental Ctr., C/A No. 3:09-1836-CMC-PJG, 2010 WL 1294120, at *2 (D.S.C. Mar. 4, 2010) (collecting cases), adopted by 2010 WL 1294123 (D.S.C. Mar. 29, 2010).  Moreover, courts generally find good cause to extend the time limit for service "where external factors stifle a plaintiff's due diligence in effecting service."  Hunt, 2013 WL 988862, at *4 (internal quotation marks and citation omitted).  "For example, courts have found good cause where 'the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time [had] expired.' "  Id. (quoting Hoffman v. Baltimore Police Dep't, 379 F. Supp. 2d 778, 786 (D. Md.

---

[3] The court notes that the United States Court of Appeals for the Fourth Circuit has held that, absent a showing of good cause, the district court does not have discretion to extend the time limit for service beyond the 120-day limit.  See Mendez v. Elliot, 45 F.3d 75, 78-79 (4th Cir. 1995).  Courts within the Fourth Circuit are split regarding whether the holding in Mendez is still good law in light of the United States Supreme Court's decision in Henderson v. United States, 517 U.S. 654, 662-63 (1996) (containing dictum by Justice Ginsburg citing to the Advisory Committee Note for Rule 4, which indicates that courts have discretion to extend the time limit for service even where good cause is not shown).  See Harvey v. Capital Children's Dental Ctr., C/A No. 3:09-1836-CMC-PJG, 2010 WL 1294120, at *1 (D.S.C. Mar. 4, 2010) (collecting cases and discussing split of authority), adopted by 2010 WL 1294123 (D.S.C. Mar. 29, 2010).



2005)).  "However, courts have held that mere inadvertence, ignorance of the federal rules, and attorney neglect do not constitute good cause."  Harvey, 2010 WL 1294120 at *2.   Further, pro se status "is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly."  Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (citing McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")).  "Nor does the running of the statute of limitations in the interim automatically constitute good cause."  Harvey, 2010 WL 1294120 at *2 (collecting cases); see also Defreitas v. Montgomery Cnty., C/A No. PWG-12-2893, 2014 WL 31885, at *4 (D. Md. Jan. 3, 2014) (holding that "the running of the statute of limitations has no bearing on the good cause inquiry").

      The record in this case reflects that the Aroras filed their Complaint on January 2, 2014. (Compl., ECF No. 1.)  Subsequent to the court's initial review, the Clerk of Court was "directed to issue summonses, and to forward the issued summonses to Plaintiff for service of process" on March 6, 2014.  (Order, ECF No. 33 at 2.)  The court's order advised the Aroras that they "are responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure" and that failure to effect service of process within the applicable time limit could result in dismissal of the action without prejudice as to any unserved defendant.  (Id. at 2-3.)  The Aroras filed an Amended Complaint against all of the originally named defendants on September 23, 2014. (Am. Compl., ECF No. 65.) In their Answers to the Complaint and Amended Complaint, Defendants Denmark Technical College, Wallace, Williams, Boyd-Scotland, and Lavania listed insufficient and improper service as their first defense. (Answer to Compl. at 1, ECF No. 10 at 1; Answer to Am. Compl. at 1, ECF

No. 72 at 1.) As indicated above, these defendants reassert their entitlement to dismissal for insufficient service in the motion for summary judgment and correctly note that there is no evidence in the record to suggest that Denmark Technical College, or any of its individually named employees, were properly served in this case.

In their response in opposition to the defendants' motion for summary judgment, the Aroras assert that the court's order authorizing service of process in this case (ECF No. 33) "made it clear that [the court] had invoked personal jurisdiction on all the defendants represented by Counsel Fox on or before March 6, 2014" and that the defendants' assertion of improper service is moot. (Pls.' Resp. Opp'n Summ. J. at 21-22, ECF No. 126 at 21-22.) This, however, is simply not the case. Despite having been explicitly instructed that plaintiffs are responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure, the Aroras provide no indication that they attempted service on these defendants, or that any service attempt was frustrated by external factors. Further, the Aroras have not requested an extension for the time limit for service, or otherwise responded to the defendants' contention in their Answers that service has not been properly effected. Instead, the Aroras now erroneously claim that information directed to the defendants in the court's order authorizing the issuance of summonses to the Aroras for service, somehow "invoked personal jurisdiction" and relieved the Aroras of their responsibility to serve the defendants with process. (Pls.' Resp. Opp'n Summ. J. at 21, ECF No. 126 at 21.)

While the court is mindful that the statute of limitations on the Aroras' federal claims would likely bar the re-filing of a new complaint raising such issues, the Aroras have not offered or established good cause for their failure to serve Defendants Denmark Technical College, Wallace, Williams, Boyd-Scotland, and Lavania. See Chen v. Mayor & City Council of Baltimore, 292



F.R.D. 288, 295 (D. Md. 2013) (granting the defendants' motion to vacate an order allowing an extension of the time period for service and dismissing the case where plaintiff "failed to show any good cause regarding his failure to effect service of process within the allowable time limit of 120 days"), aff'd, 546 F. App'x 187 (4th Cir. 2013).  Accordingly, the court concludes that these defendants are entitled to dismissal for insufficient service of process.  See Fed. R. Civ. P. 12(b)(5).[4]

**C.    Motion to Amend as to Defendants Boyd-Scotland and Denmark Technical College**

On June 3, 2015, the Aroras filed a motion to file a Second Amended Complaint in this case to add claims against Defendants Boyd-Scotland and Denmark Technical College for purported violations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. (Motion to Amend, ECF No. 137.)  The defendants filed responses in opposition to the Aroras' motion, arguing that the proposed amendment would cause prejudice to the defendants because the motion is untimely and filed after all deadlines in the instant case have expired. (Defs.' Resp. Opp'n Motion to Amend, ECF Nos. 138 & 139.)  Mr. Arora filed replies to the defendants' responses, indicating that he could not have submitted the motion to amend prior to March 10, 2015 when a right-to-sue letter was issued by the Equal Employment Opportunity Commission, and stating that the court has discretion to issue a modified scheduling order in this case pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.  (Pls.' Reply at 2, ECF No. 140 at 2; Pls.' Reply at 2-3, ECF No. 141 at 2-3.)

However, as indicated above, the defendants against whom the Aroras seek to add claims have not been served with process and the Aroras have not established good cause to permit

---

[4] The Aroras never identified or served the defendants identified as "Does 1-100." Accordingly, the court recommends that these unidentified defendants also be dismissed from this action without prejudice.  See Fed. R. Civ. P. 4(m).



extension of the service deadline. Therefore, it would be futile to amend the complaint to add new claims against these unserved defendants. See Jackson v. Alleghany Cnty., C/A No. 7:07CV0417, 2008 WL 3992351, at *16 (W.D. Va. Aug. 28, 2008) (holding that "because the plaintiff has failed to properly serve [the defendant] and has not shown good cause for her failure, amending her complaint to include a new claim against [this defendant] would be futile"); see also Filloramo v. United Event Serv., C/A No. 3:13CV348-RJC-DSC, 2015 WL 2381047, at *3 (W.D.N.C. Mar. 26, 2015) (noting that a plaintiff "cannot cure defective service of his original Complaint by filing an Amended Complaint against the same Defendants").

Further, the Aroras' attempt to further amend the Amended Complaint to add claims under the ADA and Title VII against Defendant Boyd-Scotland would be futile because neither Title VII nor the ADA provide for actions against individual defendants. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999). Additionally, a claim under the ADA against Denmark Technical College would also be futile as this defendant is "a governmental unit of the State of South Carolina," Henry v. Denmark Technical College, No. 88-3980, 1989 WL 14422, at *2 (4th Cir. Feb. 21, 1989), and ADA claims against the State are barred by the Eleventh Amendment. See Caughman v. South Carolina Dep't of Motor Vehicles, C/A No. 3:09-503-JFA-PJG, 2010 WL 348375, at *5 (D.S.C. Jan. 26, 2010) (adopting report and recommendation citing Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356 (2001) (holding that Congress has not abrogated the States' Eleventh Amendment immunity from suits for money damages under Title I of the ADA, which prohibits employment discrimination

*PJG*

against the disabled)). Accordingly, it is recommended that the Aroras' motion seeking leave to file a Second Amended Complaint be denied as futile.[5]

**D.     The Aroras' Claims Against Defendants Captain James and the Medical Center**

The Aroras bring suit under 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In the present action, Defendants James and the Medical Center allegedly subjected the Aroras to an unreasonable search, unlawful seizure, and false imprisonment. (Am. Compl. at 12, 19, ECF No. 65 at 12, 19.) The Aroras further assert a deprivation of their right to due process and equal protection by these defendants. (Id. at 13.)

"The Fourth Amendment protects against unreasonable searches and seizures." United States v. Castellanos, 716 F.3d 828, 832 (4th Cir. 2013) (internal quotation marks and citations omitted). "A government agent's search is unreasonable when it infringes on an expectation of privacy that

---

[5] The Aroras have previously stated that they did not intend to bring a Title VII claim in this case. (See ECF No. 84 at 2-3, 5.) However, the motion to amend indicates that Mr. Arora received a right-to-sue letter on March 14, 2015 and now wishes to add a Title VII claim to this action as to Defendants Denmark Technical College and Boyd-Scotland. (See Motion to Amend at 2, ECF No. 137 at 2.) Because the Aroras did not file their motion to amend until June 3, 2015, the ninety-day time period to file suit after receipt of a right-to-sue letter has now expired. See 42 U.S.C. § 2000e-5(f)(1). However, the court notes that this ninety-day filing period "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).



society is prepared to consider reasonable." Id. To establish a § 1983 claim based on a Fourth Amendment violation for false imprisonment, a plaintiff must show that a seizure was effected without probable cause. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, and "[t]o succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

   1.     **Captain James**

The Amended Complaint alleges that "Defendant James, while working as a security guard [for Defendant Medical Center], was watching from outside the [hospital] bedroom this criminal activity of trespassing and intruding, invasion of privacy, unauthorized search, and false imprisonment aimed at [Mr. and Mrs. Arora by Defendants Williams and Wallace]. (Am. Compl. at 5, ECF No. 65 at 5.) The Aroras further claim that Defendant James "did not take any action to stop the criminal activity and did not report this criminal activity to local Law Enforcement Agency, which is Sheriff." (Id. at 5-6.)

The defendants assert that the Aroras have failed to state a cognizable Fourth Amendment claim against Defendant James. In support of their motion for summary judgment, the defendants provide the affidavit of Shirley Shepherd, a registered nurse at the Medical Center, who testified that she contacted Defendant James upon learning that two uniformed officers from Denmark Technical



College were present on the second floor and intended to visit Mr. Arora. (Shepherd Aff. at 1, ECF No. 95-2 at 1.) Shepherd further testified that Defendant James indicated that he was unaware of the officers' presence in the hospital and came to the area immediately. (Id. at 2.) The defendants also provide affidavit testimony from Defendant James, who states that he has been an unarmed security officer for the Medical Center since 2007, but is not a commissioned or appointed law enforcement officer. (James Aff. at 1, ECF No. 95-3 at 1-2.) Defendant James testified that, at approximately 7:30 p.m on January 4, 2012, he received a call from Shepherd stating that two uniformed officers were heading toward Mr. Arora's hospital room. (Id. at 2.) Defendant James stated that security had not been advised of this visit and James immediately proceeded to Mr. Arora's room, where Defendants Wallace and Williams were present. (Id.) Defendants Wallace and Williams identified themselves as officers employed by Denmark Technical College who were serving papers on Mr. Arora. (Id.) Defendant James notified the officers that they should have contacted security prior to the visit and directed the officers to leave the room. (Id.) The officers left and Mr. Arora indicated a desire to speak with hospital administration and the Orangeburg County Sheriff's Department. (Id. at 2-3.) Defendant James testified that he called the Sheriff's Office and was informed that Mr. Arora would have to contact the City of Denmark to discuss the matter. (Id. at 3.) Defendant James stated that a nursing supervisor spoke to Mr. Arora at approximately 9:15 p.m. that evening. (Id.)

Defendant James testified that he did not personally engage in any search of Mr. Arora's room or person, nor did James see Defendants Williams and Wallace perform any such search, or otherwise engage in criminal activity. (Id.) Defendant James further testified that he did not restrain the movement of Mr. or Mrs. Arora and did not witness any such action by Defendants Williams and Wallace. (Id.) Defendant James stated that he did not condone or participate in any conduct by



Defendants Williams and Wallace and made every reasonable effort to intervene on behalf of Mr. and Mrs. Arora to end the officers' visit.  (Id.)

In their response in opposition to the defendants' motion for summary judgment, the Aroras essentially reassert the claims alleged in the Amended Complaint and argue that they are entitled to judgment as a matter of law.  (Pls.' Resp. Opp'n Summ. J. at 17-18, ECF No. 124 at 17-18.)  The Aroras do not dispute the affidavit testimony of Defendant James and instead indicate that this defendant "did not know what took place between the time he arrived and the time Wallace and Will[iams] were there.  So, [James] could not recap the entire episode in his affidavit."  (Pls.' Resp. Opp'n Summ. J. at 10, ECF No. 124 at 10.)  The Aroras also provide affidavits stating that they saw Defendant James outside the hospital room door after Defendants Wallace and Williams departed and asked Defendant James why he allowed the officers into Mr. Arora's room.  (Naresh C. Arora Aff. at 3, ECF No. 124-1 at 3; Sudha Arora Aff. at 2, ECF No. 124-2 at 2.)  The Aroras further concede in their response that Defendant James contacted the local Sheriff's Department after the incident.  (Pls.' Resp. Opp'n Summ. J. at 11, ECF No. 124 at 11.)

In the instant action, the Aroras provide no evidence to show that Defendant James subjected the Aroras to any type of seizure or unlawful search in violation of the Fourth Amendment.  The Amended Complaint's claim that Defendant James violated the Aroras' right to due process and equal protection under the Fourteenth Amendment is also wholly unsupported.  Accordingly, the court concludes that no reasonable jury could find that Defendant James violated the Aroras' constitutional rights, and the defendants' motion for summary judgment should be granted as to Defendant James.

     **2.**     **The Regional Medical Center of Orangeburg**

In <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978), the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " <u>Milligan v. City of Newport News</u>, 743 F.2d 227, 229 (4th Cir. 1984) (quoting <u>Monell</u>, 436 U.S. at 694); <u>see</u> <u>also</u> <u>Bd. of Cnty. Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997); <u>Walker v. Prince George's Cnty.</u>, 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. Moreover, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 244 (4th Cir. 1999) (citing <u>Monell</u>, 436 U.S. at 692-94).

As discussed above, the Aroras have failed to demonstrate a violation of their constitutional rights by Defendant James. However, even if such a violation had been shown, Defendant Medical Center "may not be held liable under § 1983 solely because it employs the tortfeasor." <u>Bd. of Cnty. Comm'rs v. Brown</u>, 520 U.S. at 397. Further, while the Aroras claim that "Defendant TRMC Policy and Customs" did not prevent or stop Defendants Williams and Wallace from entering Mr. Arora's hospital room (Am. Compl. at 14, ECF No. 65 at 14), the Amended Complaint fails to identify any specific Medical Center policy or custom that caused the alleged constitutional injury.

In support of their motion for summary judgment, the defendants provide the Medical Center Visitation Policy and Medical Center Security Management Plan in place on January 4, 2012.



(Medical Center Policies, ECF No. 95-3 at 7-18.) These policies reflect the hospital's open visiting hours and a patient's ability to withdraw or deny consent to visitation at any time. (Medical Center Visitation Policy at 1, 3, ECF No. 95-3 at 7, 9.) The Visitation Policy further stipulates that problems related to visitation practices are to be reported to and addressed by security staff. (Id. at 5; ECF No. 95-3 at 11.) The Medical Center's Security Management Plan further directs the security department to respond to all reportable incidents. (Medical Center Security Plan at 3, ECF No. 95-3 at 16.) Defendant James's affidavit testimony reflects that Defendants Wallace and Williams entered the hospital during open visitation hours and that Mr. Arora had not requested any visitation restriction prior to the incident. (James Aff. at 2, ECF No. 95-3 at 2.) Further, Defendant James and Nurse Shepherd testified that the presence of Defendants Wallace and Williams in the hospital was immediately reported to security and addressed by Defendant James. (Shepherd Aff. at 1-2, ECF No. 95-2 at 1-2; James Aff. at 2, ECF No. 95-3 at 2.)

In response to the defendants' motion for summary judgment, the Aroras continue to assert that the Medical Center did not prevent Defendants Wallace and Williams from entering Mr. Arora's room and summarily claim that the Medical Center has a "custom or policy of allowing trespasser, intruders, criminals (Not Guests) on the TRMC premises" and in private rooms and a policy allowing "anyone to come to the premises with gun and with criminal inten[t]." (Pls.' Resp. Opp'n Summ. J. at 6, 11, ECF No. 124 at 6, 11.) However, again, no specific policy or custom is identified and the Aroras provide no evidence of the existence of any such policy or custom. Rather, the only policy in the record indicates that such is not the case. Accordingly, the court concludes that no reasonable jury could find that Defendant Medical Center violated the Aroras' constitutional rights

and the defendants' motion for summary judgment should be granted as to Defendant Medical Center.

E.     Other Claims

The Aroras allege a state law claim of false imprisonment against Defendant James.[6] "To establish a claim of false imprisonment, Plaintiff must show that Defendants intentionally restrained Plaintiff *unlawfully*." Cahaly v. LaRosa, 25 F. Supp. 3d 817, 830 (D.S.C. 2014) (emphasis in original) (citing Law v. S.C. Dep't of Corr., 629 S.E.2d 642, 651 (S.C. 2006)). As discussed previously, the Aroras forecast no evidence to demonstrate that Defendant James in any way restrained Mr. or Mrs. Arora. Therefore, the court concludes that no reasonable jury could find that Defendant James subjected the Aroras to false imprisonment under state law and the defendants' motion for summary judgment should be granted as this claim.

To the extent that the Arora's Amended Complaint may be construed to allege any other causes of action against Defendants James and the Medical Center, the court finds that they have failed to plead sufficient facts to state a plausible claim.[7] See Iqbal, 556 U.S. 662.

---

[6] To the extent the Aroras raise state law claims against Defendants Wallace and Williams, the court notes that federal law provides for tolling of the statute of limitations for state law claims during the period such claims are pending in federal court and for thirty days afterwards, "unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

[7] The court notes that orders issued on March 6, 2015 and April 24, 2015 held that the Aroras were not permitted to add a medical malpractice claim to this case. (ECF Nos. 112, 128.) Further, the Aroras' claim of intentional infliction of emotional distress as to Defendants James and the Medical Center was addressed in a previous Report and Recommendation and dismissed by order of this court. (ECF Nos. 63, 112.)



**RECOMMENDATION**

Accordingly, the court recommends that the motion for summary judgment (ECF No. 95) as to Defendants Captain James and the Regional Medical Center of Orangeburg be granted. It is further recommended that the Amended Complaint be dismissed without prejudice as to Defendants Denmark Technical College, Chief Wilbur Wallace, Donald Williams, Joann Boyd-Scotland, and Ambrish Lavania for lack of service, and that the Aroras' pending motions (ECF Nos. 125, 127, & 137) be denied, or terminated as moot in light of these recommendations.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 29, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).