# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Naresh C. Arora and Sudha Arora, | Civil Action No.: 5:14-cv-00018-JMC |
| Plaintiffs, | |
| v. | |
| Captain James; Regional Medical Center of Orangeburg; Denmark Technical College, an agency of State of South Carolina, a governmental entity; Chief Wilbur Wallace; Donald Williams; Joann Boyd-Scotland; Ambrish Lavania, individually (at their personal capacity) and as agents and employees for Denmark Technical College; Does 1-100, | **ORDER** |
| Defendants. | |

This matter is before the court to address the posture of the case upon its receipt of the parties' responses to the court's Order to Show Cause (ECF No. 164) entered on September 6, 2017. In that Order, the court required the parties to show cause as to "why the court should not exercise its discretionary authority under § 1367(c)(3) to dismiss without prejudice the remaining claim in this matter" alleging negligence under South Carolina law. (ECF No. 164 at 9.)

Pro se Plaintiffs Naresh C. Arora and Sudha Arora (together "Plaintiffs") did not submit any documents in response to the Order to Show Cause. In its Memorandum Concerning Supplemental Jurisdiction (ECF No. 167) filed in response to the Order to Show Cause, Defendant The Regional Medical Center of Orangeburg and Calhoun Counties ("TRMC") asserts that the court should retain jurisdiction over the matter because (1) "judicial economy, convenience, and fairness to the parties supports exercise of supplemental jurisdiction in this case" and (2) "[d]iversity of citizenship, whether pleaded or not, appears to exist in this case."

(*Id.* at 3, 6.) In support of its assertion of jurisdiction, TRMC argues the relevance of the following:

> The plaintiffs chose their forum and filed this action in federal court on January 2, 2014. For nearly four years, the defendants have invested resources litigating this action in this Court and the Court of Appeals. The Court may take judicial notice that the latest Order is filing number 164 in this case. Having been filed in the federal court, if this Court declines to exercise supplemental jurisdiction, the case will not be remanded to the state court, but will be dismissed, requiring plaintiffs to file the negligence claim as a new case in state court, where it cannot be tried for at least a year. The plaintiffs will once again pay a filing fee and be required to coordinate service of the defendant. The defendant will once again be called upon to answer the allegations. The parties will once again be subject to a mediation requirement, which was waived by this Court (ECF [No.] 107), on motion (ECF [No.] 96) by the defendants based on the behavior of the plaintiffs. Conversely, continuing in federal court would likely reduce expense and inconvenience to both parties.
>
> This is a federal case in which, seven months in, the plaintiffs requested to add state law claims. After protracted litigation over nearly four years, only this state law claim remains, but it arises from the same controversy as the federal claims, and the federal and state claims involve the same common nucleus of relevant facts and evidence, which are fully developed. *See Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997). Declining supplemental jurisdiction would be especially prejudicial to TRMC, which has already defended the same factual allegations of the negligence claim under different legal theories in the federal causes of action.

(ECF No. 167 at 4–5.) Additionally, in its brief, TRMC urges the court to permit it "to file a summary judgment motion and memorandum on the negligence claim, as the evidence and affidavits necessary for the Court's decision on such a motion are already of record with the Court." (*Id.* at 6.) Defendants Denmark Technical College, an agency of the State of South Carolina, a governmental entity, Chief Wilbur Wallace, Donald Williams, Joann Boyd-Scotland (deceased), Ambrish Lavania, individually (at their personal capacity) and as agents and employees for Denmark Technical College, also filed a Response asserting that they did not have a position as to the Rule to Show Cause because of the dismissal of all claims against them. (ECF No. 166.)

The Court of Appeals for the Fourth Circuit explains the court's discretion in the exercise of supplemental jurisdiction over state law claims as follows:

> Once the district court dismissed the federal claims against Defendants, the court had the authority to retain jurisdiction over the state law claims that were closely related to the original claims. 28 U.S.C. § 1367(a). However, the district court also had the discretion to decline to exercise supplemental jurisdiction over claims outside its original jurisdiction. 28 U.S.C. § 1367(c)(3). We have recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In exercising that discretion, the district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999). In addition, the dismissal may be an abuse of discretion where the state statute of limitations expired prior to dismissal of the anchor federal claim. *Edwards v. Okaloosa County*, 5 F.3d 1431, 1433–35 (11th Cir. 1993); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1043 (5th Cir. 1982).

*Katema v. Midwest Stamping, Inc.*, 180 F. App'x 427, 428 (4th Cir. 2006). Upon review, the court observes that TRMC has identified issues of convenience, fairness and judicial economy that sufficiently support the exercise of supplemental jurisdiction over Plaintiffs' negligence claim. Moreover, the court observes that because the allegations supporting the negligence claim occurred as early as 2011 (*see* ECF No. 65 at 11 ¶ 67–12 ¶ 70), Plaintiffs' attempt to re-file in state court is most likely barred by the three year statute of limitations under S.C. Code § 15-3-530 (2017). As a result, the court will retain supplemental jurisdiction over Plaintiffs' state law negligence claim.[1]

In light of TRMC's unopposed request for a dispositive motion briefing schedule, the court sets the following briefing schedule: (1) dispositive motions must be filed by May 2, 2018; (2) response briefs must be filed by May 21, 2018; and (3) reply briefs must be filed by May 31, 2018.

---

[1] The court observes that its exercise of diversity jurisdiction under 28 U.S.C. § 1332 is inappropriate until it is satisfied that the amount in controversy exceeds $75,000.00.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 12, 2018
Columbia, South Carolina